### STATE *v.* ADAM SCOTT and THERESA SMELSER.

Where, at request of prisoners' counsel, the Judge charged the jury that they were the judges of the law as well as of the facts, that this was the law of the case and of the State, as decided by the Supreme Court, but added, that in his opinion, it was " bad law"—*Held:* That the accused was not prejudiced by the Judge's expressing his personal opinion against the law.

His telling the jury that *this was the law of the case before them*, was equivalent to telling them that his private opinion, in regard to the correctness or policy of the law, should not weigh with them, but they must take the law as expounded by the Supreme Court.

But the charge as given, without qualification, conceded too much to the prisoner, and did not represent accurately the ruling heretofore made by this tribunal upon the point in question. The jury are *not* judges of the law and facts in the same sense. They are exclusively judges of the facts; but of the law only subordinately. They may find a general verdict of guilty or not guilty, and on so doing must pass upon the law as well as the fact. But, while they are under no *compulsion* to take the instructions of the court as law, they are expected to apply the law as expounded by the court to the facts which they may find.

The omission of the Judge to charge some matter which may occur to the counsel as favorable to the prisoner, but which the Judge was not asked to give in charge to the jury cannot be regarded as error.

The Supreme court can only act in criminal cases upon matters which appear by bills of exceptions or assignments of error.

APPEAL from the First District Court of New Orleans, *Robertson,* J.

*E. W. Moïse,* Attorney General, for the State. *A. P. Field, R. Hunt* and *R. H. Browne,* for the accused.

SPOFFORD, J. The prisoner *Scott,* convicted of murder, and sentenced to the penitentiary for life, has appealed to this court.

His counsel asked the judge who presided at the trial to charge the jury, " that they were judges of the law as well as of the facts," when the Judge remarked, "I will charge you, gentlemen of the jury, that that is the law of this case, that it is the law of the State of Louisiana, as decided by the Supreme court; though, in my opinion, it is bad law." To this a bill of exceptions was taken, and it is now contended that the verdict should be avoided on account of the remark of the Judge, that the law, as he understood it to have been decided by this court, was " bad law."

We do not think so. Assuming, what is not strictly correct, that this court has ever said that it would be right to tell a jury " that they are judges of the law as well as of the fact in a criminal case," without adding any explanation as to the relative provinces of the court and jury, we cannot perceive that the prisoner was prejudiced by the District Judge's expression of his personal opinion that, this law was " bad law," for he at the same time told the jury that whether good or bad, *it was the law of the case before them,* which was as

much as to tell them that his personal opinion of the correctness or policy of the law should not weigh with them, but they must take the law as expounded by this court.

But, we think the learned Judge misapprehended the opinion of this court, and, by the unqualified charge he gave, conceded more to the prisoner's counsel than was necessary.

We have said that, "in criminal, as·in civil cases, the jury are judges of the law as well as of the facts; but not in precisely the same sense." They are the exclusive judges of the facts; they are, subordinately, judges of the law, because a general verdict of " guilty" or "not guilty," requires a decision upon both law and fact. But it would be absurd to require the Judge to instruct the jury in the law governing the case, and then say they may pay no heed to it, if it suits their caprice to overrule it; it would be absurd to allow the prisoner to except to the charge of the Judge and ask this court to reverse a verdict of guilty merely because the Judge erred in his charge. If, under the theory of our law, a charge by the court was nothing more than an argument of counsel, to be heeded or not by the jury as it happened to strike their judgment. The jury should listen attentively and respectfully to the law, as expounded by the court, because they are expected to apply the law, *as thus expounded*, to the facts which they may find. They are not under a *compulsion* to take the instructions of the court as law; but they are expected to do so, and it must be an extraordinary case indeed where they would be justified in disregarding the instructions of the Judge, who sits indifferent between the State and the prisoner, the authorized expounder of the law. If the jury assume to interpret the law in opposition to the charge of the Judge, there is no remedy even if justice be outraged thereby; if they heed the instructions, and the instructions are right, justice is done; if they are wrong and prejudicial to the prisoner, he has his remedy by a bill of exceptions and an appeal. See *State* v. *Ballerio*, 11 An. 81; *State* v. *Scott*, 11 An. 429; *Tresca* v. *Maddox*, 11 An. 206; *Bostwick* v. *Gasquet*, 10 Rob. 81. We think some such explanation as this should be added when a court instructs the jury that they are judges of the law and the fact.

The prisoner excepted that the Judge in his charge (which comes up in writing), intimated his opinion that the accused was guilty of murder, and substantially urged a conviction. We are unable to gather these inferences from a careful perusal of the charge. The remarks are all of a general character, and are not objected to as being incorrect in any detail. If there were other remarks pertinent to the case and favorable to the prisoner which might have been made, the counsel of the prisoner had a right to suggest them to the court and ask the court to give them to the jury. The Attorney General is correct in asserting, that "the omission to charge some matter in the mind of the prisoner's counsel that might have been useful to the prisoner, cannot be regarded as error, for the court can have no knowledge of the unexpressed views of counsel."

We are without jurisdiction to reverse the action of the Judge upon the motion for a new trial, or to avoid the verdict, upon other grounds than those which appear by bills of exceptions or assignments of error. No bill of exceptions was taken to the objectionable remark of the Judge, made before the trial was concluded, and we cannot notice it.

The judgment is, therefore, affirmed, with costs.

MERRICK, C. J., dissenting. I am inclined to think the charge given was equivalent to an intimation to the jury that the decision of the Supreme Court was not law, in the opinion of the Judge of the lower court.

For the reason stated in my opinion in the *Ballerio* case, I think the jury ought to have been informed that they were judges of the law and the fact, without the qualification annexed by the Judge.